## STANDARD GRAIN COMPANY v. MIDDLEWEST GRAIN COMPANY.[1]

June 6, 1919.

No. 21,203.

**Account stated — evidence.**
   1. The testimony considered and found sufficient to justify the finding that there was an account stated between the plaintiff and defendant and for judgment as ordered.

**Trial — rulings on admissibility of evidence.**
   2. The assignments of error as to the rulings of the trial court upon the admissibility of evidence examined and no reversible error found.

Action in the district court for Hennepin county to recover $24,922.08 upon an account stated. The case was tried before Molyneaux, J., who made findings as stated in the third paragraph of the opinion and ordered judgment in favor of plaintiff for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

[1] Reported in 172 N. W. 775.

*H. V. Mercer & Company,* for appellant.
*Hugh J. McClearn,* for respondent.

QUINN, J.

This is an action upon an account stated. It was tried to the court without a jury. Findings were made and judgment ordered as demanded in the complaint. From an order denying its motion for a new trial, defendant appealed.

Plaintiff is a corporation and during the times in question was a member of the Minneapolis Chamber of Commerce and engaged in the grain business. The Abbey Grain Company was organized in 1914. It was a member of the Minneapolis Chamber of Commerce until December 29, 1915, when it was expelled. Jourgen Olson, during that time, had been its president, and F. H. Schmitt its vice president and bookkeeper. After the expulsion, the Middlewest Grain Company was organized, for the purpose of carrying on the business formerly conducted by the Abbey Company. The old accounts were transferred to the ledger of the new company and were carried forward in its accounts. The old company had transacted a large amount of business with the plaintiff under arrangements made by Mr. Olson. The new company transacted a large volume of business with the plaintiff in the same manner as did the old company, the plaintiff advancing to it a considerable amount of money from time to time. It was the custom of the plaintiff and defendant to have their bookkeepers check and compare their respective accounts each month. On July 31, 1916, the accounts were again checked and they balanced. On August 1, 1916, plaintiff addressed a letter to the defendant, stating therein the balance claimed to be due it from the defendant as shown by the books, and asked it to confirm the account if found correct. Thereupon Mr. Schmitt, the manager and treasurer of the defendant company, and Mr. Higgins, its bookkeeper, examined the books of defendant, and after so doing signed and confirmed the account as stated in such letter. Thereafter defendant refused to pay the same and this action was brought. Defendant's answer was a general denial and alleged conspiracy and fraud.

The trial court found as matters of fact, that the plaintiff and defendant were engaged in the grain business during the years 1915 and 1916;

that during that time the plaintiff, at the request of defendant, transacted certain business and advanced certain sums of money for and on behalf of defendant; that from December, 1915, F. H. Schmitt was the manager and in full control of defendant's affairs and business: that on August 1, 1916, an account was stated between the plaintiff and defendant, from which it was found and determined that there was due and owing from the defendant to the plaintiff a balance of $24,922.08; that there was no fraud or conspiracy between F. H. Schmitt and the plaintiff company, or any of its officers, agents, servants or employees as alleged in the answer; that there was no fraud on the part of the plaintiff or any of its officers or agents in any of its dealings with the defendant, and that neither the plaintiff nor any of its agents or officers had any notice or knowledge of any irregularities, if any there were, in the accounts of O. M. Woodward, or in any of the accounts kept by the defendant company, and that none of F. H. Schmitt's personal transactions entered into the account stated between the plaintiff and defendant on August 1, 1916, and ordered judgment in favor of the plaintiff and against the defendant in the sum of $24,922.08, with interest.

There are many assignments of error and the record is voluminous. We have examined the same with care, and are satisfied that the findings of the trial court are amply sustained by the evidence. We find no reversible error in the rulings of the court upon the admissibility of evidence. Under this view of the case we deem it unnecessary to attempt a review of the many assignments of error based upon the rulings of the court during the trial. The order appealed from is affirmed.